## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                        **CIVIL ACTION NO.**
**(#0900981378)**

**VERSUS**                                        **20-341-BAJ-EWD**

**VICTOR WOODS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 28, 2021.

                                                      */s/ Erin Wilder-Doomes*
                                                      **ERIN WILDER-DOOMES**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SENTELL DAVIS**                        **CIVIL ACTION NO.**
**(#0900981378)**

**VERSUS**                                                         **20-341-BAJ-EWD**

**VICTOR WOODS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the complaint, as amended,[1] of Travis Sentell Davis ("Plaintiff"), who is representing himself and is confined at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana.[2] Based on the screening process for such complaints, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**I.**      **Background**

Plaintiff instituted this action against the State of Louisiana and Victor Woods (collectively "Defendants") pursuant to 42 U.S.C. § 1983 alleging these Defendants were conspiring to deprive Plaintiff of his constitutional rights in connection with state criminal proceedings.[3] Plaintiff seeks monetary and injunctive relief.[4]

---

[1] The Court issued an Order on April 28, 2021 giving Plaintiff until May 19, 2021 to file an amended complaint to state specific, material facts to support his claim of conspiracy against Victor Woods. R. Doc. 8. Plaintiff's Amended Complaint is dated May 19, 2021. R. Doc. 10, p. 20. Although the Amended Complaint was not postmarked until May 21, 2021, it will be considered timely. R. Doc. 10, p. 21.
[2] R. Docs. 1 & 10.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 6.

## II.  Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[5]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the rare power to pierce the veil of the factual allegations.[8]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[5] Plaintiff was granted permission to proceed *in forma pauperis* on July 23, 2020 (R. Doc. 5) so both statutes apply.
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

face.'"[12]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[14]

### B. The State of Louisiana is Not a Proper Party

Plaintiff has named the State of Louisiana as a defendant.[15]  Although the basis for Plaintiff's claim against the State is not clear, the State of Louisiana is not a proper defendant because a state is not a "person" subject to suit under 42 U.S.C. § 1983.[16]  Accordingly, because the State of Louisiana is not subject to suit, Plaintiff's claims against the State of Louisiana must be dismissed as legally frivolous.

### C. Plaintiff Has Failed to State a Claim for Conspiracy Against Woods

Plaintiff alleges that Woods, his "conflict counsel,"[17] in a pending state criminal case is "acting in concert" with the district attorney and withholding exculpatory evidence "that will completely exonerate Plaintiff from [the] case."[18]  A suit brought under § 1983 requires that the

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.*
[14] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[15] R. Doc. 1.  It is unclear based upon Plaintiff's amended complaint if the state of Louisiana is meant to be a party, but out of an abundance of caution, the undersigned has addressed Louisiana as a party.  R. Doc. 10.
[16] *Washington v. Louisiana*, 425 Fed.Appx. 330 (5th Cir. 2011) (affirming dismissal of claims under §§ 1983 and 1985 against the State of Louisiana and the Department of Public Safety and Corrections because those entities are not "persons" within the meaning of the statutes); *see also*, *Guy v. Louisiana*, No. 11-1112, 2013 WL 3816462, at * 3-4 (W.D. La. July 22, 2013).
[17] It appears Woods was appointed after Plaintiff was in some type of altercation with another inmate for which charges were brought against Plaintiff.  R. Doc. 1, p. 5.  Plaintiff alleges the district attorney prosecuted the "jail house charge" to create a conflict "to start Plaintiff case all over again."  R. Doc. 1, p. 5.
[18] R. Doc. 1, p. 5.  Neither the district attorney nor Plaintiff's public defender are named as defendants in this suit.  Even if Plaintiff intended to bring these conspiracy claims against the district attorney and/or Plaintiff's public defender, the claims would be subject to dismissal for the same reasons as Plaintiff's claims against Woods.

plaintiff demonstrate a deprivation committed under color of law, usually by a state official or a private individual in conspiracy with such an official, and because court-appointed counsel is not a state actor, Plaintiff must be able to demonstrate that Woods, as a private individual, was conspiring with a state actor to deprive him of his constitutional rights.[19] A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts on which his claim is based.[20] "Bald allegations that a conspiracy existed are insufficient."[21]

Plaintiff has only provided this Court with his conclusory assertion that Woods and the district attorney are working together to keep alleged exculpatory evidence from Plaintiff. Plaintiff has not stated any facts regarding particular interactions between Woods and the district attorney or any other state actor related to any agreement to violate Plaintiff's rights or any facts to indicate that such an agreement exists.[22] Despite being provided with leave to amend to allege these facts, Plaintiff has still failed to adequately state facts to indicate that a conspiracy exists to deprive him of his constitutional rights and to keep him incarcerated.[23] Rather than providing the specific facts necessary to plead a conspiracy, Plaintiff has provided a timeline of his criminal proceedings and has merely stated that "[i]t's obvious a conspiracy is going on – a blind person would be able to see this."[24] The only facts specifically alleged against Woods are that he created the conflict with Plaintiff's prior attorney so as to become Plaintiff's counsel and that he has not filed any motions

---

[19] *See Lovejoy v. Harris*, No. 06-13, 2006 WL 2354937, at *1 (N.D. Tex. Aug. 15, 2006) (neither retained counsel, nor court-appointed counsel are state actors); *see also*, *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985); *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*per curiam*)).
[20] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[21] *Id.*
[22] *See Chadman v. Quisenberry*, No. 17-700, 2019 WL 3530422, at *6 (N.D. Tex. Aug. 2, 2019) (dismissing as frivolous conspiracy claims where the plaintiff alleged defendants conspired to illegally detain and indict the plaintiff). Rather, much of Plaintiff's amended complaint is devoted to providing the Court a simple timeline of his criminal proceedings and providing examples of what Plaintiff believes constitutes exculpatory evidence. R. Doc. 10, pp. 4-14.
[23] R. Docs. 8 & 10.
[24] R. Doc. 10, p. 19.

on Plaintiff's behalf since Woods was assigned his case.[25]  Neither of these assertions state a colorable claim under 42 U.S.C. § 1983, and because of Woods status as a private individual and Plaintiff's failure to adequately allege a conspiracy, Plaintiff has failed to allege the most basic requirement of a § 1983 claim—state action.  Because Plaintiff has failed to plead any facts to demonstrate state action or support the existence of a conspiracy, Plaintiff's claims should be dismissed.[26]

### D. No Further Amendments Should Be Allowed

The Court has already provided the Plaintiff with an opportunity to amend his Complaint, but Plaintiff's allegations still fail to state a constitutional violation cognizable in this case.[27]  As Plaintiff has been given an opportunity to "plead his best case," further leave to amend would be futile, and should not be permitted.[28]  Accordingly, dismissal at this stage is appropriate.[29]

---

[25] R. Doc. 10, pp. 14 & 19.  To the extent Plaintiff is alleging that Woods is ineffective as counsel, this claim is not cognizable under § 1983.  *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claims are not cognizable in a § 1983 action because the attorney is not a state actor, even if the attorney was court-appointed).

[26] To the extent Plaintiff has attempted to assert that his right to a speedy trial under the Sixth Amendment is being violated, he has not named a proper defendant for this claim, and a claim for violation of the Sixth Amendment right to a speedy trial is not cognizable under 42 U.S.C. § 1983.  *Parker v. Mississippi*, No. 07-361, 2007 WL 2826895, at *2.  *See also Thomas v. Pugh*, 9 Fed.Appx. 370 (6th Cir. 2001) (finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)).  It should also be noted that Plaintiff's requests for relief, including release from confinement and intervention in ongoing state criminal proceedings, are not cognizable in this action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).  *Younger v. Harris*, 401 U.S. 37 (1971); *Kennedy v. Bexar County, Texas*, No.16-262, 2016 WL 1715200, at *4 (W.D. Tex. April 27, 2016) (dismissing as frivolous claim for termination of state criminal charges).

[26] *Bice*, 677 F.3d at 716.

[27] R. Doc. 10.  Plaintiff was given leave to amend prior to recommending dismissal because "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[28] *Id.*; *see Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

[29] Plaintiff filed a letter with the Court in April 2021 complaining of events occurring in February 2021. R. Doc. 7.  Even if Plaintiff were allowed to amend to state the claims contained in his letter, such an amendment would be futile because the claims are unexhausted as the events occurred approximately eight months *after* this lawsuit was initiated rendering exhaustion impossible.  42 U.S.C. 1997e.

### E. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[30] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims, that Plaintiff's federal claims against the State of Louisiana and Victor Woods be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[31]

### ORDER

Considering the recommendation that Plaintiff's claims be dismissed, **IT IS ORDERED** that Plaintiff's Motion for Service[32] is **DENIED** without prejudice to refiling in the event the above recommendation is not adopted.

---

[30] 28 U.S.C. § 1367.
[31] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.
[32] R. Doc. 6.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion to Proceed *in Forma Pauperis*[33] is **DENIED AS MOOT**, as Plaintiff was already been granted pauper status by Order dated July 23, 2020.[34]

Signed in Baton Rouge, Louisiana, on May 28, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] R. Doc. 11.
[34] R. Doc. 5.